UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Danielle Gaspard<br><br>　　　　　　　　　　Plaintiff,<br><br><br>　-v.-<br><br>NRA Group, LLC *d/b/a National Recovery Agency*<br><br>　　　　　　　　　　Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Danielle Gaspard ("Plaintiff" or "Gaspard") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant NRA Group, LLC *d/b/a National Recovery Agency* ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.　Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.　Plaintiff is a resident of the State of New York, County of Suffolk, residing at 1762 Wisteria Circle, Bellport, NY 11713.

3. Defendant is a debt collector with an address at 2491 Paxton Street, Harrisburg, PA 17111.

4. National Recovery Agency is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

*Violation I – June 29, 2016 Collection Letter*

10. On or around June 29, 2016, Defendant sent Plaintiff a collection letter.

11. The letter listed a few options for contacting Defendant to make a payment. One of those options was to pay online by visiting Defendant's payment website.

12. When a consumer visits Defendant's payment website, the consumer is charged a $7.95 credit card processing fee.

13. Plaintiff did not agree to such a collection charge and the $ 7.95 collection fee far exceeds any reasonable costs of collection for this account.

14. The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

15. Additionally the Plaintiff is a resident of New York state and in order to collect a debt in New York state a collection agency must include the following information: (1) the name of the original creditor; and (2) an itemized accounting of the charged-off debt, including the amount owed as of charge-off, total amount paid on the debt since the charge-off and the total post charge-off interest, charges and fees.

16. Defendant's November 28, 2016 letter failed to contain this information in violation of the requirements of New York State Department of Financial Services 23 NYCRR 1.2.

17. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## **FIRST CAUSE OF ACTION**
### **(Violations of the FDCPA)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

20. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Danielle Gaspard demands judgment from the Defendant NRA Group, LLC *d/b/a National Recovery Agency*, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 16, 2017
      Hackensack, New Jersey

    /s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501